IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| **MARTRELL HOLLOWAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | NO. 1:19-cv-00065 |
| | ) | |
| **KEVIN GENOVESE, et al.,** | ) | JUDGE CAMPBELL |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff Martrell Holloway, an inmate at Turney Center Industrial Complex, filed this pro se civil rights action under 42 U.S.C. § 1983 against Warden Kevin Genovese, Assistant Warden Clinton Denning, FM Sylvan, Turney Center Maintenance, and Medical Director Roy Germano. (Doc. No. 1 at 2–3, 12). Plaintiff also filed an application to proceed in this Court without prepaying fees and costs (Doc. No. 2), and a motion to appoint counsel (Doc. No. 7).

### I. APPLICATION TO PROCEED AS A PAUPER

It appears from Plaintiff's in forma pauperis application that he lacks sufficient financial resources to pay the full filing fee in advance. His application (Doc. No. 2) is therefore **GRANTED**, and he is **ASSESSED** the $350.00 filing fee, to be paid as follows:

The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of—(A) the average monthly deposits to [Plaintiff's] account; or (B) the average monthly balance in [Plaintiff's] account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). After the initial filing fee is fully paid, the trust account officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the

preceding month, but only when the amount in the account exceeds $10. These payments must continue until the $350.00 filing fee is paid in full. *Id.* § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this Order to the Turney Center Industrial Complex to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order. All payments made in compliance with this Order must clearly identify Plaintiff's name and the case number as shown on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. INITIAL REVIEW

For the reasons stated in the accompanying Memorandum Opinion, the Court concludes that Plaintiff fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). This action is **DISMISSED** without prejudice, and Plaintiff's motion to appoint counsel (Doc. No. 7) is **DENIED** as moot.

For the same reasons that the Court dismisses this action, the Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3). The Court, therefore, will not grant Plaintiff leave to proceed as a pauper on any appeal.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE